# In the United States Court of Federal Claims

No. 05-1378L
Filed: October 27, 2011

```
*   *   *   *   *   *   *
                                        *
OGLALA SIOUX TRIBE,                     *
                                        *     Indian Trust Claim; 28 U.S.C.
        Plaintiff,                      *     § 1500; *United States v. Tohono
                                        *     O'Odham Nation*, 131 S.Ct.1723
        v.                              *     (2011); Substantially Similar
                                        *     Operative Facts
THE UNITED STATES OF AMERICA,           *
                                        *
        Defendant.                      *
                                        *
*   *   *   *   *   *   *
```

*Brian J. Leinbach*, Engstrom, Lipscomb & Lack, Los Angeles, CA, for plaintiff.

*Romney S. Philpott, III*, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for defendant.

## ORDER AND OPINION

**HODGES**, Judge.

    The Oglala Sioux are a federally-recognized Tribe that occupies and is the beneficial owner of the Pine Ridge Reservation in South Dakota. The United States holds title to the land in trust for the benefit of the Tribe. Plaintiff alleges that the United States as trustee has breached its fiduciary and statutory duties owed to the Tribe. The Oglala Sioux sued in this court to recover damages for the alleged breach. Plaintiff also sued in the United States District Court for the District of Columbia, prior to filing this suit. Plaintiff's suit against the Secretary of the Interior and others in district court seeks an accounting of the same trust assets that are at issue in the proceeding before this court. *See Oglala Sioux Tribe v. Kempthorne*, No. 1:04-cv-01126-JR (D.D.C. filed June 30, 2004).

    Defendant filed a motion to dismiss the complaint here for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1500. The Supreme Court has ruled that lawsuits in this court based on substantially the same operative facts as those of an action by the same parties in a district court action filed previously, must be dismissed for lack of jurisdiction. *See United States v. Tohono O'Odham Nation*, 131 S.Ct. 1723, 1731 (2011) (citing 28 U.S.C. § 1500).

Plaintiff argues that this suit is not based on the same operative facts as the complaint filed in district court, and that we should allow the Tribe's action to stand. For the reasons stated below, however, we must grant defendant's motion to dismiss.

## BACKGROUND

Congress has acted to prevent litigation against the United States in this court when the same or a similar action is pending in another federal court at the same time. *See* 28 U.S.C. § 1500 ("The United States Court of Federal Claims shall not have jurisdiction of any claim for . . . which the plaintiff . . . has pending in any other court suit . . . against the United States . . . ."). The Supreme Court has addressed § 1500 on occasion, but had not decided the question whether the absence of overlap in the availability of remedies in this court and a district court could affect the outcome of a § 1500 case.

The Court clarified the statute's meaning when it considered a case in which operative facts in the two cases were similar, but the claimant could not obtain the entire relief it sought in either federal court. *See Tohono*, 131 S.Ct. at 1727. The Supreme Court restated prior rulings that this court "has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *Id.* Noting that the purpose of the statute was to "curtail redundant litigation," the Court held that, "[t]wo suits are for or in respect to the same claim . . . if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *Id.* at 1731.

## DISCUSSION

Plaintiff contends that its district court complaint and the complaint it filed here do not contain similar factual allegations and are not based on similar operative facts because separate trust duties are at issue. That is, the district court claim is premised upon accounting duties, while the claim in this court is based upon fiduciary duties. According to the Tribe, the claim pending in district court addresses the Government's duty to maintain accurate records and to provide a full and complete accounting of trust action; the trial in district court will be dominated by "forensic accounting and trust accounting experts." In contrast, the claim pending before this court focuses on whether the Government as trustee breached its fiduciary duties; the evidence at trial in this court will center on "the handling of specific trust transactions and assets." Different conduct alleged in each case results in different operative facts, plaintiff asserts.

We cannot see a meaningful legal distinction between plaintiff's intended effort to obtain an accounting of trust activity by the Government and establishing whether the Government as trustee breached its fiduciary duties, given the Supreme Court ruling discussed earlier. Plaintiff observes that "[t]he Tribe may have claims to damages that cannot be ascertained until after the Defendants make a reconciliation and accounting of the Tribe's trust property and accounts." It states further that such claims, if they exist, will be filed in this court. This statement necessarily implies that the case pending in this court will rely upon information discovered from the forensic and trust accounting experts in the district court case.

## CONCLUSION

This court will be asked to consider the same operative facts as those pending currently in district court. The Supreme Court decision in *Tohono* operates to prevent this court's consideration of those facts while they are pending in federal district court. We must dismiss plaintiff's case for lack of jurisdiction pursuant to 28 U.S.C. § 1500.

Defendant's motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction is GRANTED. The Clerk of Court will dismiss the complaint. No costs.

s/Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge